## D. MOORE AND ANOTHER v. J. H. OWSLEY.

1. See this case for facts held insufficient to establish a dedication of a homestead.
2. When the terms of a public sale are specific or restricted, the crier is not bound to notice a bid which is coupled with different terms or conditions.
3. At an administrator's sale for cash, a creditor offered a bid, explaining that he would pay in cash the overplus above the amount of his demand against the estate. The administrator took no notice of the bid, but struck off the property to a bidder for a much less sum. The court below instructed the jury, that if the creditor bid at all his bid was absolute and could be enforced; and that the administrator was bound to cry the bid. *Held*, that this instruction was erroneous.
4. On the death of a widower, leaving minor children, they are entitled not only to the homestead, but also to the other property exempt from forced sale, or to an allowance in lieu thereof, when the estate has not the property in kind.

APPEAL from Lamar. Tried below before the Hon. A. H. Latimer.

The opinion of the court discloses the material facts.

*Johnson, Bennett & Ballinger*, for the appellant.

*W. B. Wright*, for the appellee.

OGDEN, J. This cause originated in the County or probate court of Lamar county, and was taken to the District Court by

*certiorari*, from the judgment of which an appeal has been taken to this court. It appears from the transcript that the probate court, having determined that S. E. Goodrich had no homestead at the time of his death, made an allowance in lieu thereof, and in lieu of certain other property exempted from forced sale, to the amount of two thousand dollars, to the minor children of said Goodrich, deceased; and the appellee, one of the creditors of said estate, took the case to the District Court to have the order vacated, and the sale made thereunder set aside.

In his petition for a *certiorari*, he charges a fraudulent combination between the administrator of the estate and the guardian of the minor heirs of S. E. Goodrich, deceased, to cheat and defraud the creditors out of their just debts. He also alleges, that S. E. Goodrich, at the time of his death, had a homestead, and that the order of the County Court, in setting apart a certain sum in lieu thereof, was erroneous.

There was no proof in the District Court to sustain the allegations of fraud, and they seem to have been virtually abandoned on the trial; and the question in regard to the homestead of S. E. Goodrich, at the time of his death, is the most material one presented in this record.

It appears that in 1860, Goodrich sold his homestead in the country, and moved his wife and family into the town of Paris, to the house of his father-in-law, where his wife soon after died, and he, leaving his children with their grandparents, went himself to the hotel to board. For a time he had his bed in a store, where he slept; but in the fall of 1860, he moved his bed into the house on lots 3 and 4 in block 7, where he continued to sleep, and occasionally had an oyster supper. But it is not contended that he otherwise lived there, or had dedicated it as his homestead. He had a servant-man, a black-smith, who also slept on the place, and a servant-woman, who came there for the purpose of cleaning the room or rooms; but there is no sufficient evidence that Goodrich ate his meals there, or lived there in the proper sense of that word. His

children lived in the same city, but that place was not their home, nor could it in any respect be considered the homestead of Goodrich and his family. He occupied the house as a lodging-place for himself for a few months—when he entered the Confederate army, and left the house entirely; and on his return from the army, he did not return to that house as his home, but took up lodgings elsewhere. We can discover in these facts, no sufficient evidence of a dedication by Goodrich, of lots 3 and 4 in block 7, as his homestead; and certainly that place could hardly be considered the homestead of the minor heirs of Goodrich, who, though living in the same city, never used or occupied it as their home; and we are unable to recognize any evidence to warrant the verdict of the jury. They must have disregarded the testimony, or the first clause of the charge of the court, which is a very clear, concise, and correct enunciation of the law descriptive of the homestead. We think the verdict of the jury should have been set aside on the facts of the case, and a new trial granted. But if we should admit that the judgment is correct in regard to the homestead, yet there are other errors complained of, which we think will require a reversal of the judgment.

There is a material error in the last clause of the charge to the jury, which may have caused this erroneous verdict. We understand the law governing sales at public auction to be, where the sale is advertised to be on specific and restricted terms, any bid made at that sale, not in strict conformity with the terms advertised, is no bid at all, and the crier is not bound to notice the same. But the court charged the jury, that "if he " bid at all, the bid is absolute, and the administrator is bound " to cry the bid, and the law will deal with the person so bid- " ding, if he fails to comply with the terms of the sale." Thus virtually declaring, that though a bid should be made in total ignorance of what was being sold, or the terms of sale, still the bidder and the crier would be bound by the same. We think the law governing public sales more in consonance with justice and equity.

There is error in the judgment of the District Court, in ordering the sheriff to make the sale of the property, to pay the debts of appellee. If the administrator's securities had become insolvent, he could have been ruled to give other security, or, on failure to do so, he might have been dismissed from the administration; but we know of no authority for the order made by the court. The proceeds of the sale, instead of being applied to pay a particular debt, should be held as a general fund to pay *pro rata* all debts of the same class.

There is another error in the judgment which should be noticed and corrected. The decree of the probate court made an allowance for the minor children in lieu of the homestead, and certain other exempted property. The District Court set that decree aside, and gave the minors a homestead, but made no allowance in lieu of such property as is exempted from forced sale, and which is not among the assets of the estate. For the errors here indicated, the judgment is reversed and the cause remanded.

Reversed and remanded.