John H. HADDOX et ux., Appellants,

v.

H. T. FUTRELL et al., Appellees.

No. 3608.

Court of Civil Appeals of Texas.

Waco.

Feb. 12, 1959.

Mullinax, Wells & Morris, Dallas, for appellants.

Jackson, Walker, Winstead, Cantwell & Miller, D. L. Case and Fred H. Benners, Yarborough, Yarborough & Johnson, Fred A. Jones, Jr., Dallas, for appellees.

McDONALD, Chief Justice.

This case arose from two separate and distinct automobile collisions. Parties will be referred to as in the Trial Court. Plain-

tiff Haddox, accompanied by his family, was on his way to Dallas from Mexia on Highway 75. It was a Sunday afternoon in October 1957, about 6 o'clock. It had been raining and visibility was poor. Plaintiff drove up to and stopped at the traffic signal in Ferris, Texas. While he was stopped he was hit from the rear by a pickup truck operated by defendant Manning. This occurrence did slight damage to plaintiff's car and perhaps shook up his wife. (Plaintiff makes no claim for personal injuries resulting from the first collision.) The two vehicles remained in place at the traffic light awaiting the arrival of investigating officers. During such period plaintiff for a time directed traffic around the stalled vehicles. Thereafter plaintiff ceased directing traffic around the stalled vehicles and walked over and stood in front of his car, checking the damage thereto and talking. While plaintiff was talking and standing in front of his car, defendant Futrell drove up behind the two stalled vehicles, hitting the vehicle belonging to defendant Manning, propelling it into plaintiff's vehicle. Additional damage was done to plaintiff's vehicle, and to a television set he was carrying in it, and in addition plaintiff's vehicle was propelled forward, striking plaintiff.

Plaintiff instituted this suit against both Manning and Futrell for damage to his car, his television set, and for personal injuries allegedly sustained by him when the Futrell car propelled the Manning car against his car which struck him.

Trial was to a jury. As to the first of the two collisions the jury found that defendant Manning was not guilty of acts of negligence. (Manning testified that he did not drive his pickup into plaintiff's car, but was knocked into plaintiff's car by an unidentified vehicle which bumped his rear and then drove away.) Defendant Futrell was found negligent in several respects and that such negligence was a proximate cause of the second collision and plaintiff's damage. The jury further found that plaintiff was negligent in standing in front of his car on the travelled portion of the highway, and that plaintiff failed to keep a proper lookout for his own safety at the time of the second collision; and that such were proximate causes of plaintiff's personal injuries.

The Trial Court entered judgment on the verdict for the value of the television set, and for the amount of damage to plaintiff's vehicle (less the amount he had received from his insurance company, which company asked dismissal of its subrogation) in favor of plaintiff against defendant Futrell, and further entered judgment that defendant Manning go hence with his costs.

Plaintiff appeals, contending: 1) that the Trial Court erred in refusing to grant plaintiff judgment for his personal injuries; 2) that the findings that plaintiff was negligent are supported by no evidence or insufficient evidence; 3) that the findings that Manning was not negligent are supported by no evidence or insufficient evidence; 4) that the jury's answers to Issues 28 and 30 are in irreconcilable conflict with the jury's finding to Issue 32.

We revert to contentions 1 and 2. The jury found that plaintiff was negligent in standing in the travelled portion of the highway; and that he was further negligent in failing to keep a proper lookout for his own safety; and that such constituted a proximate cause of his personal injuries. The record reflects that after the first collision plaintiff went behind the two stalled vehicles and directed traffic around them; that the time was 6:30 to 7:00 P.M. (in October); that it had been raining; was overcast; and that visibility was poor; that after the first collision a number of cars backed up behind the two stalled cars; and that during the period of the congestion there were several other minor collisions between other cars; that prior to the second collision here involved plaintiff came in front of his car and was standing there talking when defendant Futrell hit the Manning vehicle, which in turn hit plaintiff's car which struck plaintiff, caus-

ing personal injuries. It is our view that the record before us amply supports the findings of the jury that plaintiff was negligent in standing on the highway, and that he did not keep a proper lookout for his own safety; and that such were proximate causes of his injuries. In the instant case, not only is there some evidence to support the jury's findings complained of; all the evidence supports the findings in question. Plaintiff felt that it was necessary under the circumstances then and there existing to direct traffic around the vehicles. At a time when he knew no one was guiding the traffic, he went and stood in front of his car in the highway; the highway was wet and slick; it was dark and visibility was poor in spite of headlights. While so unnecessarily exposing himself to the risk which was obviously prevalent (especially in view of several cars having just collided there within a short period), the accident occurred. We have carefully reviewed all of the evidence in the light of the rule laid down in the In re King's Estate case, 150 Tex. 662, 244 S.W.2d 660, and in Tudor v. Tudor, Tex., 314 S.W.2d 793, and conclude that there is evidence in support of the findings complained of, and that same is ample and sufficient to support such findings.

Contention 3 complains that the findings that the defendant Manning was not negligent are supported by no evidence or by insufficient evidence. We have concluded that such findings have ample and sufficient support in the evidence.

 Contention 4 is to the effect that the jury's findings to Issue 28 and Issue 30 are in irreconcilable conflict with the jury's finding to Issue 32. Issues 28 and 30 found that plaintiff was negligent in standing on the travelled portion of the highway and in not keeping a proper lookout for his own safety. Issue 32 found that plaintiff was *not* negligent in leaving his automobile in the highway pending arrival of the authorities. Issues 28 and 30 affect personal injuries received by plaintiff; Is-

sue 32 affects damages to his property. These issues are not in conflict. In any event, plaintiff, by not raising objection to the alleged conflict at the time the jury returned its verdict, has waived the matter. See City Transportation Co. of Dallas v. Vatsures, Tex.Civ.App., 278 S.W.2d 373, point 9, W/E Dism'd.

All of plaintiff's contentions are overruled and the judgment of the Trial Court is affirmed.