**FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF DALLAS, Petitioner,**

v.

**Tom H. SHARP, Respondent.**

No. A–8488.

Supreme Court of Texas.

July 26, 1962.

Rehearing Denied Oct. 3, 1962.

J. P. Rice and Herbert Marshall, Dallas, for petitioner.

T. L. Hamilton, Dallas, LeRoy La Salle, Carthage, for respondent.

HAMILTON, Justice.

This is a suit brought by respondent (plaintiff below) to obtain property bought

at a deed of trust sale by petitioner (defendant below) and to recover rents from such property obtained since the sale. The case was tried to a jury, and after favorable answers to the two special issues submitted the trial court entered judgment that the trustee's deed to petitioner be cancelled and set aside, that the trustee be ordered to execute and deliver to respondent a trustee's deed to the property for a consideration of $5,000 (such sum having been deposited in the registry of the court by respondent), and further decreeing that certain money which was rent and revenue from the property be awarded to the respondent. The Dallas Court of Civil Appeals, Williams, J., has affirmed the judgment of the trial court. 347 S.W.2d 337.

The facts of this case are detailed at length in the opinion of the Court of Civil Appeals. Therefore, this opinion will merely state the basic facts surrounding the trustee's sale.

The sale was to be held on Tuesday, January 7, 1958, between 10:00 a. m. and 4:00 p. m. at the Dallas County Courthouse "to the highest bidder for cash". Sometime between 3:15 and 3:45 p. m. on that day the three trustees arrived at the courthouse for the sale. The only outside bidder was T. L. Hamilton, attorney and agent for respondent. At this time respondent was the owner of the mortgagor's interest, which he had bought at a sheriff's execution sale earlier that day. This fact was not known by the trustees. One of the trustees read the notice of sale and then asked for bids. Another of the trustees bid the unpaid balance of the mortgage ($4,527.50) on behalf of the petitioner mortgagor, and then Mr. Hamilton bid $5,000 for respondent. When asked for the cash, Hamilton offered a personal check. This was refused, and then Hamilton offered to go to a bank within two blocks to get the cash from a lock box. Hamilton estimated this would take him about five minutes. There was also testimony that the respondent was on his way to the courthouse with the money. The trustee refused to delay the sale for

*any* length of time, and accepted the lower bid offered by one of the trustees for petitioner.

■ Petitioner maintains that the bid made by respondent was not a bid for cash as provided in the deed of trust, and the notice of sale, and the trustee acted properly in refusing the bid and in knocking the property off to the lower bidder, the petitioner's agent. The respondent contends in effect that his bid was for cash and that the trustee acted arbitrarily and unreasonably in making the sale to the mortgagee, the lower bidder, without allowing respondent a few minutes' time within which to produce the cash for his bid, when this could have been done without prejudice to the mortgagee. We agree with respondent's contention and affirm the judgment of the trial court and the Court of Civil Appeals.

■ The findings of the jury were that either Hamilton or Sharp would have produced the cash within a reasonable time, which was defined to mean "such time under all of the circumstances a man of reasonable prudence and diligence would have needed to perform the act contemplated." It is the opinion of this court that "reasonable time" should be limited to a reasonable time during the hours of the sale. If the jury finding is ambiguous or unclear, the courts must try to interpret the finding so as to uphold the judgment. State v. Hale, 136 Tex. 29, 146 S.W.2d 731. It is our opinion that in this case "reasonable time" means before 4:00 p. m. on the day of the sale. All the testimony and evidence clearly shows that the respondent could and would try to get the cash to the trustees before 4:00 p. m. We therefore construe the jury finding to mean that either Hamilton or Sharp would have produced the cash before 4:00 p. m. Under the facts of this case it was an abuse of discretion for the trustee not to wait a reasonable time before 4:00 o'clock before completing the sale.

In some cases there is a danger in allowing any delay. One of those instances would be where lower bidders, with cash, might get discouraged and leave the sale during a wait. If the high bidder failed to return, the next high bid would be lost.

Another situation that would prejudice the mortgagee would be where the high bidder did not show up by the close of the sale, thereby necessitating another sale. During such a delay something could cause the value of the property to fall. Also, the time and expense of another sale would be prejudicial to the mortgagee.

The record establishes that there were only two bidders for the property, petitioner's agent and respondent's agent. There is nothing in the record to indicate that the bid by Mr. Hamilton was in bad faith. To the contrary, the evidence is clear that he was in good faith. Petitioner maintains that the trustee was not required to wait any time for respondent's agent to produce the cash. That position is untenable under the facts of this case. The only other bidder besides respondent was the petitioner itself. The trustee could have given respondent's agent a little time without prejudicing the rights of the mortgagee. No bidders would have been lost, and had respondent's agent not shown up with the money before 4:00 p. m. the trustee could still have accepted the mortgagee's bid.

■ It must be remembered, as said by the Court of Civil Appeals below, that:

 " * * * The trustee in the deed of trust becomes a special agent for both parties, and he must act with absolute impartiality and with fairness to all concerned. We must equate the word 'trustee' with fairness, impartiality, and a maximum effort to achieve the object of the trust. 29 Tex.Jur., § 30, p. 825; Hampshire v. Greeves, 104 Tex. 620, 143 S.W. 147; Zeiss v. First State Bank, (Tex.Civ.App.) 189 S.W. 524, (err. ref.). * * *"

Of course in this case the respondent stood in the shoes of the mortgagor. It is true the trustee did not know this at the time of the sale, but that should not make any difference. The trustee had a bid for the property which the bidder maintained was for cash, which was almost $500.00 more than the mortgagee had bid. In fairness to the mortgagor the trustee, who was the mortgagor's agent, should have made a reasonable effort to determine whether the bid made by Mr. Hamilton was a cash bid. He not only made no effort, but refused the bidder's offer to satisfy him in this respect.

The judgments of the Court of Civil Appeals and the trial court are affirmed.

GRIFFIN, SMITH and NORVELL, JJ., dissenting.

SMITH, Justice (dissenting).

I respectfully dissent. I cannot agree with the majority that its holding in this particular case is justified on the ground that Sharp's bid was, in effect, for cash and that the trustee acted arbitrarily and unreasonably in making the sale to the mortgagee, a lower bidder than Sharp, without allowing Sharp "a few minutes' time within which to produce the cash for his bid, when this could have been done without prejudice to the mortgagee." Sharp relies upon this ground and the majority sustains the contention in spite of the well-settled rule that a sale under a power in a mortgage or a trust deed must be conducted in strict compliance with the terms of the power. See 59 C.J.S. Mortgages § 572, p. 959. A trustee under a deed of trust is the agent and representative of both the mortgagor and the mortgagee (Sharp was neither the mortgagor nor the mortgagee) and his duties are set forth in the Deed of Trust. The Deed of Trust in this case provided that in the event of default in the payment of the note secured thereby, the property described therein would be sold at *public sale for cash*. The notice of sale recited that the property would be

*sold for cash* at the Courthouse door of Dallas County, Texas, on January 7, 1958, between the hours of 10 a. m. and 4 p. m. A trustee under such a Deed of Trust should never be under an obligation to determine whether or not a bid made at a sale has validity.

In the early case of Moore v. Owsley, 37 Tex. 603, 605, this court announced the rule which should be followed in the present case. The court said, in part:

> "We understand the law governing sales at public auction to be, where the sale is advertised to be on specific and restricted terms, any bid made at that sale, not in strict conformity with the terms advertised, is *no bid at all, and the crier is not bound to notice same."* [Emphasis added.]

The trustee in this case conducted the sale not only in accordance with the strict terms of the Deed of Trust, but concluded the sale in accordance with the terms of the Statutes of the State of Texas. Article 3816, Vernon's Annotated Civil Statutes, provides that:

> "When a sale has been made *and the terms thereof [have been] complied with,* the officer shall execute and deliver to the purchaser a conveyance * * *."

This does not mean that the terms have been complied with when it has been found by a jury that the bidder was able, willing, and ready within a reasonable time to produce the cash. In order to be a successful bidder, possessed with the legal right to compel a sheriff or trustee to execute and deliver a deed to the property involved, the bidder (unless it is the mortgagee) shall be able to tender the amount of his bid in legal tender. In this case, Sharp was charged with knowledge of the terms of the Deed of Trust, and was charged with knowledge that upon his failure to tender the amount of his bid in cash, the law required that the trustee

proceed to again sell the same property on the same day within the hours provided in the Deed of Trust and the Statute. See Tanner v. Grisham, Tex.Com. of App., 295 S.W. 590.

Rule 653, Texas Rules of Civil Procedure, which applies to sales under a Deed of Trust as well as to sales of real property under execution, provides:

> "When the terms of the sale shall not be complied with by the bidder the levying officer shall proceed to sell the same property again on the same day, if there be sufficient time; but if not, he shall re-advertise and sell the same as in the first instance."

It is stated in Texas Jurisprudence, Vol. 29, page 991, that "After the trustee has accepted a bid, and while the bidders are still present, the sale may properly be reopened if the successful bidder refuses to pay." The fact that we have a Rule of Civil Procedure that directs a sheriff or a trustee to make a second effort to sell property on the same day and within the prescribed hours when the bidder fails to comply with his bid indicates very clearly to me that the seller (sheriff or trustee) is not required to wait while the bidder departs from the scene of the sale in an effort to obtain the cash. Hamilton, when he made the bid for Sharp, was charged with notice of the law, the terms of the Deed of Trust, and the notice of sale, and he should have known that no sale could be effected unless his bid of $5,000.00 was immediately paid upon the acceptance of his bid. The courts cannot engraft exceptions even though in this particular case it can be admitted that the tendered check was drawn on a bank situated only about two blocks from the Courthouse, and Hamilton had offered to go to the bank and withdraw $5,000.00 in cash from his personal lockbox. The jury found in this case that both Sharp and Hamilton could have obtained the amount of their bid within a reasonable time, but when we look at the picture from

the trustee's standpoint, the request for delay was unreasonable. I do not think the trustee had any discretion in the matter, but be that as it may, the bidder was not the original borrower, the trustee did not know the bidder, the trustee did not know that the check would be good, the trustee did not know that the bidder had cash in the bank two blocks away. The trustee did know the terms of the Deed of Trust, he did know that he had until 4 o'clock that afternoon to hold the sale, and he knew that if he did not sell the property by 4 o'clock that afternoon the property would have to be reposted for sale. The courts should be slow to adopt a rule which would allow or require a trustee to speculate on the bidder's ability or willingness to pay his bid. Where deeds of trust are unambiguous and such contracts contain strict provisions that the property be sold for cash and sold within certain specified hours on a day certain, it would be unreasonable and unwarranted for the trustee to accept a bid from an unknown bidder with no evidence of his ability or willingness to pay other than his unsupported assertion. This would be true, granting that such assertions were made in good faith. Such action would not be in strict compliance with the power granted, and would be without regard to the trustee's duty to conduct the sale fairly and with due diligence and sound discretion to the end that the rights of the mortgagor and mortgagee will be protected. See 59 C.J.S. Mortgages § 572, supra.

The rule to pay the trustee cash does not apply to mortgagee at a trustee's sale, Blum v. Rogers, 71 Tex. 668, 9 S.W. 595, but it does apply here.

In Wiltsie Real Property Mortgage Foreclosure, 5th Edition, 1939, Vol. 2, at page 1081, we quote the following:

"But if any person other than the mortgagee becomes the purchaser, where the sale is for cash he must comply strictly with the terms of sale and pay the price bid in cash; a note to the party entitled to the proceeds of the sale is not cash, and the tender of such note will not be in compliance with the terms of sale. It has also been held that the officer may refuse to receive checks."

In support of my position, I quote from the following decisions in other jurisdictions:

The Supreme Court of Georgia in 1902 in the case of Dwelle v. Blackshear Bank, 115 Ga. 679, 42 S.E. 49, held in effect:

"An express stipulation that a sale be for cash must be complied with. Bidders at the sale were bound to inquire into the authority of the Trustee to sell and terms and conditions upon which the sale was to be had. Being charged with notice and not having tendered the amount of their bid in cash either at the time of sale or during legal hours of sale, the bidder had no right to come into a court of equity and pray for specific performance of a contract of sale which was never completed on account of their failure to comply with the terms of sale."

In the case of McLendon v. Harrell, 67 Ga. 440, the Court said:

"Cash not credit is that which the law requires them to exact from every bidder and no man's note or check or draft is in the cold and impartial eye of justice the equivalent of cash. Once relax the rule and the gate to collusion and fraud is thrown back so wide that an ocean of corruption would enter and the fairness of public sales would be at an end."

In the case of The Haytian Republic, 64 F. 214, 216, the court said:

"Cash sale is necessarily a sale for cash to be paid at the time of sale. The purchaser must be in readiness to pay at the place of sale if required."

In the case of Stern v. Maxwell, 44 S.W.2d 482, 487 (Tex.Civ.App.), the court said:

"To constitute a valid tender, the money must be present, ready, produced and offered to person who is entitled to receive it." 26 RCL, par. 5, page 626.

The holding of the Court of Civil Appeals and the majority holding by this court will, in effect, amount to the writing of a new contract for the parties and not only that will go farther and impair similar contracts presently in existence. First Federal's motion for instructed verdict should have been granted. It was not, and two issues were submitted to the jury. The answers of the jury to the issues submitted were not determinative as to the judgment to be entered. The trial court merely asked the jury to determine whether or not Mr. Sharp and Mr. Hamilton were "able, willing and ready within a reasonable time to produce cash to pay their bid." First Federal also moved for judgment notwithstanding the verdict of the jury. This motion should have been granted. The question of Sharp's and Hamilton's actual ability to pay is not the true question. The question was as to whether the facts and circumstances were such as to have convinced a man of ordinary prudence that the bid would be paid before it was too late to resell the property on the same day. The trustee had to make his decision on what he saw and heard at the sale. Had Hamilton complied with the terms of the sale and paid the price bid in cash, Sharp could have suffered no injury. The equitable title would have vested in Sharp immediately and such a title has been held to support a cause of action by a successful bidder against the trustee to compel delivery of a deed. I see no reason why the situation here is not analogous to a sale under execution as in the case of Burnam et al. v. Blocker et al., Tex.Civ.App., 247 S.W.2d 432, wr. ref.

(1952, Culver, J.,), where it was held that "[T]he giving of a deed by the sheriff, being a ministerial act, is not essential to investiture of title."

The judgments of the trial court and the Court of Civil Appeals should be reversed and judgment rendered for First Federal Savings & Loan Association of Dallas.

GRIFFIN and NORVELL, JJ., join in this dissent.