**Delbert L. JACKSON, Appellant,**

v.

**UNITED STATES FIDELITY & GUARANTY COMPANY, Appellee.**

No. 11–83–304–CV.

Court of Appeals of Texas, Eastland.

Aug. 9, 1984.

Rehearing Denied Aug. 9, 1984.

Mark Huffman, Menaker & Huffman, Dallas, for appellant.

Hollye C. Fisk, Greenberg, Benson, Fisk & Fielder, Robert M. Greenberg, Greenberg, Benson, Fisk & Fielder, Dallas, for appellee.

RALEIGH BROWN, Justice.

This is an appeal from a worker's compensation case. Appellant, Delbert Jackson, alleged a specific injury to three fingers, resulting in loss of use of his left hand. Appellee, United States Fidelity and Guaranty, contended that any disability to the left hand was solely caused by or contributed to by previous injuries and/or conditions. The jury rendered its verdict to the effect that Jackson suffered 25% permanent partial loss of use of his left hand. It also found that the two previous injuries to Jackson's left hand in October 1980 and March 1981 contributed 2½% and 10%, respectively, to the incapacity they found. The trial court overruled Fidelity's motion to disregard the jury findings and Jackson's motion for judgment, and rendered judgment on Fidelity's alternative motion for judgment on the verdict. Jackson appeals the court's computation of the reduction of Jackson's recovery due to prior contributing injuries. We affirm.

In his single point of error, Jackson contends that the court incorrectly computed the reduction of his recovery due to contribution of prior injuries. TEX.REV. CIV.STAT.ANN. art. 8306, sec. 12c [1] (Vernon Supp.1984) provides for a defendant's right of contribution from prior compensable injuries. The court based Jackson's recovery on the figure of 12.5%, the result of directly *subtracting* the jury's finding of 12.5% contribution from prior injuries from the partial loss of use of 25%.

Jackson urges that the amount of loss should first be *multiplied* by the percentage of contribution. He argues that by doing so only 3.125%, the product of the multiplication, should be subtracted from the 25% loss. We disagree.

The cases cited by Jackson in support of his position are general injury cases. The case at bar is a specific injury case. TEX. REV.CIV.STAT.ANN. art. 8306, sec. 12 (Vernon Supp.1984) provides for the compensation of specific injuries and the method for calculation of such payments. The language of this statute, as distinguished from the statutes providing for compensa-

---

1. TEX.REV.CIV.STAT.ANN. art. 8306, sec. 12c (Vernon Supp.1984):

   Sec. 12c. If an employee who has suffered a previous injury shall suffer a subsequent injury which results in a condition of incapacity to which both injuries or their effects have contributed, the association shall be liable because of such injury only for the compensation to which the subsequent injury would have entitled the injured employee had there been no previous injury. . . .

tion for general injuries, provides that after a determination of a basic figure "such basic figure shall then be multiplied by the percentage of incapacity *caused by the injury.*" (Emphasis added) The jury's findings in the instant case establish that the percentage of incapacity caused by the injury for which compensation is sought was 12.5%. We hold that the trial court correctly applied the jury's verdict in entering the judgment.

Moreover, the only other basis for holding that the court incorrectly computed the recovery is that either the jury findings are ambiguous or are unsupported by the evidence. Since appellant has failed to bring a statement of facts, if the findings as to contribution for prior injuries are ambiguous, we must affirm the verdict. The record should be examined to ascertain the jury's intent. *Carter v. Lee,* 502 S.W.2d 925 (Tex.Civ.App.—Beaumont 1973, writ ref'd n.r.e.). When jury findings are ambiguous or unclear, courts must try to interpret the findings so as to uphold the judgment. *First Federal Savings & Loan Association of Dallas v. Sharp,* 359 S.W.2d 902 (Tex.1962). Since Jackson failed to bring a statement of facts, we must conclude that the court's judgment is supported by the pleading, the evidence and the jury's verdict. TEX.R.CIV.P. 301.

The point of error is overruled, and the judgment is affirmed.