**FIRST TEXAS SERVICE CORPORATION and Richard Sullivan, Trustee, and Lugene Moore, Appellants,**

v.

**Mike McDONALD, Appellee.**

**No. 2–87–205–CV.**

Court of Appeals of Texas, Fort Worth.

Dec. 15, 1988.

Rehearing Denied Jan. 19, 1989.

Jordan, Dunlap & Prather and Walter H. Dunlap, Jr., Dallas, for appellants First Texas and Sullivan.

Thurman & Wilder and Jan R. Thurman, Arlington, for appellant Lugene Moore.

Barlow, Garsek & Bowers and Ann L. Stevenson and Dwayne Hoover, Fort Worth, for appellee Mike McDonald.

Before BURDOCK, KELTNER and LATTIMORE, JJ.

## OPINION

BURDOCK, Justice.

Mike McDonald, the appellee, sued in the court below to set aside a sale of property to appellant Moore by appellant Sullivan, on behalf of appellant First Texas Service Corporation. Moore bought the property in controversy at a foreclosure sale. McDonald contended he was the rightful buyer of the property by virtue of being the highest bidder at the sale; however, the

property was resold to Moore while McDonald was retrieving his funds from a local bank. Judgment was entered for McDonald based on the jury's verdict.

We affirm.

In eleven points of error, First Texas Service Corporation (First Texas) and Sullivan urge: (1) Sullivan had no duty to allow McDonald time to retrieve his funds; (2) there was no evidence, or insufficient evidence, to find that Sullivan failed to wait a reasonable time for McDonald to return with his funds; (3) an erroneous definition of "reasonable time" was submitted to the jury; (4) an instruction defining the duties of a trustee should have been submitted to the jury; (5) the judgment cannot stand because there was no finding of proximate or producing cause; (6) there was no evidence, or insufficient evidence, to support the jury's finding that McDonald presented his cashier's check for the amount of the bid within a reasonable time; (7) the trial court erred in failing to disregard the jury's answers to two questions; and (8) the alleged agreement to convey the property in question violated the statute of frauds. Appellant Moore contends: (1) McDonald breached his contract with Sullivan by not returning with his cashier's check within the specified time; and (2) the trial court erred in denying Moore's request for a special issue pertaining to whether Sullivan waited sufficient time before concluding the sale to Moore.

■ In points of error one through four, First Texas and Sullivan allege various errors in the trial court's activities based on the theory that Sullivan, as trustee, had no duty to grant McDonald a reasonable time to produce the cash to cover his $16,000 bid. Point of error one alleges error in the trial court's "fail[ure] to enter judgment" in favor of First Texas and Sullivan. Although the point is vague, we shall construe it to allege error in the trial court's failure to grant First Texas and Sullivan's motion for judgment notwithstanding the verdict because, as a matter of law, Sulli-

van had no duty to grant a reasonable time for the procurement of funds.

The trial court had a duty to render judgment in accordance with the jury's findings unless the answers to the special issues had no support in the evidence; judgment *non obstante verdicto* is proper only where a directed verdict would have been proper. TEX.R.CIV.P. 301. The court may not refuse to submit an issue or disregard the jury's answer to it merely because the evidence is factually insufficient to support the answer. *Garza v. Alviar*, 395 S.W.2d 821, 824 (Tex.1965). A complaint that the trial court erred in failing to grant a motion for directed verdict or judgment *non obstante verdicto* raises only "no evidence" points in the appellate court. *Chemical Cleaning, Inc. v. Chemical Cleaning & Equipment Service, Inc.* 462 S.W.2d 276, 277 (Tex.1970); *Southwestern Bell Telephone Co. v. Sims*, 615 S.W. 2d 858, 861 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ).

In this case, First Texas and Sullivan contend no duty existed as a matter of law. In order to sustain their point of error, we would have to find no legal evidence to support the existence of a duty. However, there is legal evidence to support the theory that Sullivan had a duty to allow McDonald a reasonable time to procure funds to cover his bid.

In *First Federal Savings & Loan Association of Dallas v. Sharp*, 359 S.W.2d 902 (Tex.1962), the supreme court stated that a trustee does have a duty to allow a bidder a "reasonable time" to produce his funds. *Sharp*, 359 S.W.2d at 903. As there was some legal evidence to support McDonald's legal theory, the trial court properly overruled First Texas and Sullivan's motion for judgment notwithstanding the verdict. Point of error one is overruled.

■ In their second point of error, First Texas and Sullivan contend the trial court erred in submitting questions 2, 4, and 6a to the jury. The questions are included *infra*, pages 940–941, and inquire: (1)

whether McDonald agreed forty-five minutes was a reasonable time for Sullivan to wait for the money to be produced; (2) whether Sullivan failed to wait a reasonable time; and (3) whether McDonald produced his cashier's check within a reasonable time. The record reflects that First Texas and Sullivan did not object to the submission of these questions on the grounds now urged; therefore, they have not preserved error. TEX.R.CIV.P. 272; TEX.R.APP. P. 52(a). Point of error two is overruled.

■ In point of error three, First Texas and Sullivan allege no evidence to support the jury's finding that Sullivan failed to wait a reasonable time for McDonald to produce his cashier's check. In their eighth point of error, First Texas and Sullivan repeat point of error three. Additionally, they allege no evidence to support the jury's finding that McDonald presented the check within a reasonable time.

In determining a "no evidence" point, we are to consider only the evidence and inferences which tend to support the finding of the jury and disregard all evidence and inferences to the contrary. *See Sherman v. First National Bank,* 760 S.W.2d 240, 241–42 (1988) (per curiam); *Larson v. Cook Consultants, Inc.,* 690 S.W.2d 567, 568 (Tex.1985); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661–62 (1951) (per curiam). If there is any evidence of probative force to support the finding of the jury, the point must be overruled and the finding upheld. *In re King's Estate,* 244 S.W.2d at 661–62.

A "no evidence" point of error must and may only be sustained when the record discloses one of the following: (1) a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla of evidence; or (4) the evidence establishes conclusively the opposite of a vital fact. *Commonwealth Lloyd's Ins. Co. v. Thomas,* 678

S.W.2d 278, 288 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.); Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 TEXAS L.REV. 361 (1960). We find there was more than a mere scintilla of evidence to support the challenged jury findings.

McDonald testified that he returned with a cashier's check for the amount of his bid, but Sullivan had resold the property. He also testified that he returned to the courthouse at 10:55 a.m., approximately forty-five minutes after the sale was completed. Mike Newman, a real estate broker who drove McDonald to and from the bank, testified that McDonald returned with the cashier's check at about 10:45. Sullivan himself testified that he began the second sale at 10:45, which, according to him, was forty minutes after the first sale was completed. Further, Moore testified that the first sale concluded at 10:05 and the second sale began at 10:45. As we find more than a scintilla of evidence to support he jury's findings that: (1) Sullivan failed to wait a reasonable time for McDonald to produce his money; and (2) McDonald presented his cashier's check within a reasonable time, we overrule points of error three and eight. In doing so, we note that the determination of a "reasonable time" will vary from case to case. In this case, however, Sullivan told McDonald that he would remain at the courthouse to accept McDonald's check for approximately forty-five minutes. Thus, Sullivan himself set a "reasonable time" at approximately forty-five minutes. The jury found Sullivan did not wait this reasonable time; there is ample evidence in the record to support that conclusion. We neither expressly nor impliedly suggest forty-five minutes is a reasonable time in all cases; each case must be resolved based on its particular facts. *See Sharp,* 359 S.W.2d at 904.

In their fourth point of error, First Texas and Sullivan allege insufficient evidence to support the jury's finding that Sullivan failed to wait a reasonable time for McDonald to return with his money. This

claim is repeated in point of error nine; insufficient evidence to support the jury's finding that McDonald presented the money within a reasonable time is also alleged.

An assertion that the evidence is "insufficient" to support a finding of fact can mean that the evidence supporting the finding is so weak or the evidence to the contrary is so overwhelming that the finding should be set aside and a new trial ordered. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965). We are required to consider all of the evidence in the case in making this determination. *See id.*

The evidence adduced in this case is set out above. It is not so weak that it cannot support the jury's findings; nor is there any contrary evidence which overwhelms the evidence in support of the jury findings. First Texas and Sullivan's fourth and ninth points of error are overruled.

■ In their fifth point of error, First Texas and Sullivan claim an erroneous definition of "reasonable time" was submitted to the jury. An objection to the submitted definition was lodged.

The objected to definition read as follows:

> "Reasonable time" means such time that a person of reasonable prudence and diligence would have needed under all the circumstances to perform the act contemplated; you are further instructed that the foreclosure sale had to be concluded some time between 10:00 a.m. and 4:00 p.m. on the date in question.

This definition is substantially the same as that approved by the supreme court in *Sharp*, 359 S.W.2d at 903. The trial court in this case even followed the suggestion of the *Sharp* court that the hours of the sale be included in the definition. There was no error in the trial court's definition of reasonable time; essentially the same definition is given in all cases where the term must be defined. *See, e.g., Intertex, Inc. v. Cowden*, 728 S.W.2d 813, 818 (Tex.App.—Houston [1st Dist.] 1986, no writ); *Taylor Publishing Co. v. Systems Marketing Inc.*, 686 S.W.2d 213, 218 (Tex.App.—Dallas 1984, writ ref'd n.r.e.). First Texas and Sullivan's fifth point of error is overruled.

■ In their sixth point of error, First Texas and Sullivan claim the trial court erred in refusing to submit their requested instruction regarding the duties of a trustee. However, the record does not reflect that First Texas and Sullivan requested in writing and tendered such an instruction. Thus, their sixth point of error is overruled pursuant to TEX.R.CIV.P. 278.

First Texas and Sullivan allege, in point of error seven, that the judgment cannot stand because no jury question relating to proximate cause was submitted. Once again, however, First Texas and Sullivan neither requested and tendered such a issue nor objected to its non-inclusion. Thus, no error was preserved. TEX.R.CIV.P. 278. The omitted element has been deemed found. TEX.R.CIV.P. 279. The seventh point of error is overruled.

In their tenth point of error, First Texas and Sullivan contend the trial court should have disregarded the jury's answers to questions 4 and 6a and entered judgment in their favor based on the answers to questions 1, 2, and 6b. In their argument under this point, First Texas and Sullivan contend the jury's answers to questions 4 and 6a conflict with the answers to questions 1, 2, and 6b.

■ First Texas and Sullivan alleged a conflict in the jury answers in their motion for new trial. Thus, we must find that they have preserved error on this point. *St. Louis Southwestern Railway Co. v. Duke*, 424 S.W.2d 896, 898 (Tex.1967). In so finding, however, we note that it once was the law that an alleged conflict in jury findings had to be raised after the jury returned its verdict, but before the jury was excused in order to preserve error. *Haddox v. Futrell*, 321 S.W.2d 110, 112 (Tex.Civ.App.—Waco 1959, no writ); *City Transportation Co. of Dallas v. Vatsures*, 278 S.W.2d 373, 377 (Tex.Civ.App.—Waco 1955, writ dism'd). *See also Little Rock*

*Furniture Mfg. Co. v. Dunn*, 148 Tex. 197, 222 S.W.2d 985, 991 (1949); *Thomas v. Oil & Gas Bldg., Inc.*, 582 S.W.2d 873, 880 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.).

However, the supreme court case of *St. Paul Fire & Marine Ins. Co. v. Murphree*, 163 Tex. 534, 357 S.W.2d 744 (1962), was interpreted as holding that an alleged conflict in jury findings was timely raised in a motion for new trial. *Murphree* neither explicitly nor implicitly stated such a rule; the case was simply misconstrued. However, *Murphree* has been misconstrued so often that its "interpretation" was clearly made the law in *Duke*.

The previous rule, that an objection to an alleged conflict had to be made before the jury was discharged, was better law. The rule relating to a conflict in jury answers is codified in TEX.R.CIV.P. 295, which also addresses problems arising from a defective verdict or unanswered jury questions. The law is well settled that an objection to an incomplete verdict must be made before the jury is discharged in order to preserve error. *Lewis v. Texas Employers' Ins. Ass'n*, 151 Tex. 95, 246 S.W.2d 599, 601 (1952); *Herrera v. Balmorhea Feeders, Inc.*, 539 S.W.2d 84, 88 (Tex.Civ.App.—El Paso 1976, writ ref'd n.r.e.). It would seem the rule that an objection must be made before the jury's discharge would apply to conflicts in the jury's answers as well as unanswered jury questions since both problems are addressed in TEX.R.CIV.P. 295.

Moreover, conflicts in the jury's answers should not arise because questions which could lead to conflicting findings should be objected to before submission as being shades of the same issue. Therefore, it is our opinion that the prior law, which held alleged conflicts in jury findings had to be objected to before the jury was discharged in order to preserve error, was better law. The existing law, that alleged conflicts in the jury's answers are timely raised in a motion for new trial, arose only because *Murphree* was misconstrued so often the misconstruction became the law. How-

ever, as that is the state of the law, we will address First Texas and Sullivan's tenth point of error on its merits.

The questions, definitions, instructions, and jury answers relevant to this point of error were as follows:

QUESTION 1:

Did Defendant, Richard Sullivan, Trustee, agree to wait approximately 45 minutes for Plaintiff, Mike McDonald, to return with the purchase price for the property in question?

Answer: *Yes*

(If you have answered QUESTION 1 "Yes" then, and only in that event, answer the following QUESTION)

QUESTION 2:

Did Plaintiff, Mike McDonald, agree that 45 minutes was a reasonable time for Defendant, Richard Sullivan, Trustee, to wait for Plaintiff to return with the purchase price for the property in question?

ANSWER: *Yes*

(If you have answered QUESTION 1 "Yes", then and only in that event, answer the following QUESTION)

.     .     .     .     .

QUESTION 4:

Did Defendant Richard Sullivan, Trustee, fail to wait a reasonable time for Plaintiff, Mike McDonald, to go to his bank and return with the purchase price for the property in question?

"Reasonable time" means such time that a person of reasonable prudence and diligence would have needed under all the circumstances to perform the act contemplated; you are further instructed that the foreclosure sale had to be concluded some time between 10:00 a.m. and 4:00 p.m. on the date in question.

Answer: *Yes*

.     .     .     .     .

QUESTION 6:

Did Plaintiff, Mike McDonald, present a cashier's check in the amount of $16,-

000.00 to Defendant Richard Sullivan, Trustee:

| | Yes | No |
|---|---|---|
| a. within a reasonable period of time | X | |
| b. within approximately 45 minutes | | X |

In reviewing the jury findings for conflict, the threshold question is whether the findings are about the same material fact. *Bender v. Southern Pacific Transportation Co.*, 600 S.W.2d 257, 260 (Tex.1980), *citing Pearson v. Doherty*, 143 Tex. 64, 183 S.W.2d 453, 455 (1944). A court may not strike down jury answers on the ground of conflict if there is any reasonable basis upon which they can be reconciled. *Bender*, 600 S.W.2d at 260, *citing Little Rock Mfg. Co. v. Dunn*, 148 Tex. 197, 222 S.W.2d 985, 989 (1949). The court must "reconcile apparent conflicts in the jury's findings" if reasonably possible in light of the pleadings and evidence, the manner of submission, and the other findings considered as a whole. *Bender*, 600 S.W.2d at 260, *quoting Ford v. Carpenter*, 147 Tex. 447, 216 S.W.2d 558, 562 (1949).

■ In this case, there was no conflict in the jury's answers. Superficially, there appears to be a conflict in the jury's finding that McDonald did not present a cashier's check within approximately forty-five minutes and the other findings. However, the record reflects that although McDonald returned to the courthouse within approximately forty-five minutes, he did not present the check within that time due to Sullivan's absence from the courthouse steps. McDonald had to search the building to find Sullivan; thus, there was a delay in time between McDonald's return and the presentation of the check. Therefore, the jury could have found that the delay was not attributable to McDonald and, thus, the check was presented within a reasonable time. As there is no conflict in the jury's answers, First Texas and Sullivan's tenth point of error is overruled.

■ In their eleventh point of error, First Texas and Sullivan contend the agreement between Sullivan and McDonald to convey the property was violative of the statute of frauds. The statute of frauds provides, in relevant part:

Section 26.01. Promise or Agreement Must be In Writing

(a) A promise or agreement described in Subsection (b) of this section is not enforceable unless the promise or agreement, or a memorandum of it, is

(1) in writing; and

(2) signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him.

(b) Subsection (a) of this section applies to:

.   .   .   .   .

(4) a contract for the sale of real estate;

TEX.BUS. & COM.CODE ANN. sec. 26.01 (Vernon 1987).

First Texas and Sullivan cite *Kirkman v. Amarillo Savings Ass'n of Amarillo*, 483 S.W.2d 302, 307 (Tex.Civ.App.—Amarillo 1972, writ ref'd n.r.e.), to support their argument. However, *Kirkman* is not applicable to the case at bar. In the case *sub judice*, the dispute concerns whether Sullivan waited an appropriate period of time for McDonald to tender his check. This is not a dispute about a contract to sell land; rather, the dispute is merely whether Sullivan waited a reasonable time for McDonald to return with his money. The statue of frauds is not pertinent to the resolution of this case. First Texas and Sullivan's eleventh point of error is overruled.

Appellant Moore raises two points of error. In his first point of error, Moore contends there was a contract between McDonald and Sullivan which McDonald breached by not presenting a cashier's check within the agreed forty-five minutes. Thus, Moore argues judgment should have been entered against McDonald. Moore's argument is not persuasive for two reasons.

First, McDonald chose not to pursue a remedy based on contract. Second, as we have already noted, the jury impliedly found McDonald did not present the cashier's check within the agreed forty-five minutes because Sullivan had moved inside the courthouse and could not be found for a few minutes. Moore's first point of error is overruled.

In Moore's second point of error, he contends the trial court erred in denying his request for a question inquiring whether Sullivan waited forty-five minutes before concluding the sale to Moore. However, the record does not reflect that Moore tendered a written request for such an issue pursuant to TEX.R.CIV.P. 278. A question was submitted to the jury asking whether Sullivan waited forty-five minutes before *beginning* the sale to Moore. Moore objected to the submitted question on the ground that the proper inquiry was whether Sullivan waited forty-five minutes before *concluding* the sale. Perhaps both inquiries should have been made, but it was Moore's duty to tender a written request for his desired question and include the request in the record on appeal. As he did not do so, we overrule his second point of error.

The judgment is affirmed.