# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40964
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 29, 2016

Lyle W. Cayce
Clerk

JEFF K. HECK,

> Plaintiff - Appellant

v.

CITIMORTGAGE, INCORPORATED,

> Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:14-CV-00988

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:*

Jeff K. Heck ("Heck") appeals the district court's dismissal of his case against the Appellee for its failure to consummate his purchase of real property at a non-judicial foreclosure sale. The district court dismissed his claims, which are predicated on violations of Tex. Prop. Code Ann. § 51.0075. (West 2009). After reviewing the district court's opinion, the record, and the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40964

applicable law, we **AFFIRM**. Additionally, we **DENY** Heck's request to certify three questions to the Texas Supreme Court.

## I.     Factual Background

In June 2014, a trustee, on behalf of CitiMortgage, Inc. ("Citi"), conducted a non-judicial foreclosure sale of a property in Troup, Texas. Heck was the original winning bidder. Heck asked the trustee for at least 30-40 minutes to deliver the purchase price of $63,000 in the form of a cashier's check. The trustee said "I'll give you 20 minutes." When Heck did not return within 20 minutes, the auction was reopened and the property was sold to someone else for $60,227. Heck filed suit in 7th Judicial District, Smith County, Texas, and Defendant removed to federal court based on diversity jurisdiction.

## II.     Standard of Review

"We review *de novo* motions to dismiss and motions for judgment on the pleadings. The standard is the same for both. Viewing the facts in the light most favorable to the nonmovant, a motion to dismiss or for a judgment on the pleadings should not be granted if a complaint provides 'enough facts to state a claim to relief that is plausible on its face.' Moreover, the complaint must allege 'more than label and conclusions,' 'a formulaic recitation of the elements of a cause of action will not do,' and 'factual allegations must be enough to raise a right to relief above the speculative level.'" *Jebaco, Inc. v. Harrah's Operating Co., Inc.*, 587 F.3d 314, 318 (5th Cir. 2009) (internal citations omitted).

## III.     Discussion

Heck raises three issues concerning the interpretation of the provision at issue. First, what is the meaning of "without delay"? Second, is a trustee required to wait a reasonable amount of time to receive payment if the parties cannot reach an agreement as to the time of the payment? And third, can a trustee condition a sale when the condition was not announced before the first

sale of the day?  The parties dispute the meaning of the term "without delay" in § 51.0075(f) of the Texas Property Code.  *See* Tex. Prop. Code Ann. 51.0075(f) (West 2009).  Specifically, they dispute whether the term means "immediately" or "within a reasonable time," as it relates to paying the purchase price at a non-judicial foreclosure sale.  Because the issues are intertwined, the Court will address them together.

Before 2007, Texas common law required trustees to give buyers a reasonable amount of time within hours of the sale to obtain and return with the purchase price—the *Sharp* rule.[1]

In 2007, the Texas Legislature enacted § 51.0075(f), which reads:

> The purchase price in a sale held by a trustee or substitute trustee under this section is payable immediately on acceptance of the bid by the trustee or substitute trustee.  The trustee or substitute trustee shall disburse the proceeds of the sale as provided by law.

Acts 2007, 80th Leg., R.S., Ch. 903 (H.B. 2738), Sec. 4, eff. June 15, 2007.

§ 51.0075(f), as enacted in 2007, had an unintended and unforeseen consequence.  Tex. House Research Organization, H.B. 655 Bill Analysis, (Apr. 24, 2009), http://www.hro.house.state.tx.us/pdf/ba81r/hb0655.pdf#nav panes=0.  Trustees, in accordance with § 51.0075(f), were refusing to finalize a foreclosure sale if the buyer could not immediately proffer a cashier's check for the exact sale price.  *Id.*  This proved to be an unreasonable requirement because § 51.0075(f) did not alternatively allow the parties to reach an agreement as to the time of the payment.  *Id.*  Some opponents of § 51.0075(f) proposed amending the statute to essentially restore the *Sharp* rule.  *Id.*  But ultimately, the Legislature amended § 51.0075(f) to read:

---

[1] For instance, before 4:00 p.m., if the sale ended at 4:00 o'clock.  *See First Fed. Sav. & Loan Ass'n of Dall. v. Sharp*, 359 S.W.2d 902, 903 (Tex. 1962).

No. 15-40964

> The purchase price in a sale held by a trustee or substitute trustee under this section is due and payable without delay on acceptance of the bid or within such reasonable time as may be agreed upon by the purchaser and the trustee or substitute trustee if the purchaser makes such request for additional time to deliver the purchase price. The trustee or substitute trustee shall disburse the proceeds of the sale as provided by law.

Acts 2009, 81st Leg., ch. 323, § 1, eff. Sept. 1, 2009.

This case is governed by the current version of the Texas Property Code. In dismissing the case, the district court held that the meaning of "without delay" was not governed by the *Sharp* rule, as Heck had argued. The district court added that 81st Texas Legislature considered restoring the *Sharp* rule into the statute, but declined to do so. We agree with his conclusion.

On appeal, Heck makes a slightly different argument: "without delay" in § 51.0075(f) means "within the reasonable time allowed by law," as opposed to "immediately," because the Legislature deleted the word immediately in the 2009 amendment. *See* Tex. Sen. Jurisprudence Comm., Bill Analysis, Tex. 655, 81st Leg., R.S. (2009), http://www.lrl.state.tx.us/scanned/srcBillAnalyses/81-0/HB655ENG.PDF ("the purchase price in a sale held by a trustee . . . under this section is due and payable without delay, rather than immediately . . . ."). Alternatively, Heck requests that the issues raised on appeal be certified to the Texas Supreme Court.

In rebuttal, Citi contends that the term "without delay" means immediately because that is the term's common usage. *See Black's Law Dictionary* at 1739 (9th ed. 2009); Tex. Govt. Code Ann. § 311.011(a) (West 2015) (The Texas Property Code "shall be read in context and construed to the rules of grammar and common usage."). Citi adds that defining "without delay" as "within a reasonable amount of time" is nonsensical because the statute would essentially provide that the purchase price is due within a

4

reasonable amount of time after the acceptance of the bid, or within a reasonable time agreed upon by the parties. According to Citi, this interpretation renders the trustee's discretion to reach an agreement with the buyer superfluous; there would be no need for such discretion if the trustee was already required to give the buyer a reasonable amount of time to pay. *See Leordeanu v. Am. Prot. Ins. Co.*, 330 S.W.3d 239, 248 n.35 (Tex. 2010) ("We construe statutes to give effect to every provision and ensure that no provision is rendered meaningless or superfluous.").

Even if § 51.0075(f) no longer requires immediate payment, however, Heck's appeal still fails. Upon acceptance of the bid, Heck initially requested "no more than an hour" to return with the payment. Because Heck asked for a delay, the meaning of "without delay" is irrelevant in this factual scenario. Therefore, Heck's appeals hinges on the second part of the statute— "[t]he purchase price is due . . . within such reasonable time as *may* be agreed upon by the [parties] . . . ." Tex. Prop. Code Ann. § 51.0075(f) (West 2009) (emphasis added).[2] Here, no agreement was reached. Heck initially asked for no more than an hour, and then asked for at least 30-40 minutes. The trustee offered no more than 20 minutes. Heck "said he couldn't be back in 20 minutes." Thus, no agreement was ever reached. Additionally, the trustee was under no obligation to reach an agreement with Heck. Consequently, Heck fails to plead a plausible violation of § 51.0075(f).[3]

---

[2] *See* Tex. Gov't Code Ann. § 311.016 (1), (2) ("'May' creates discretionary authority or grants permission or a power . . . 'Shall' imposes a duty.").

[3] Heck also suggests that if no agreement is reached between the parties after a delay request, the payment becomes due "without delay." Heck, however, does not provide any legal reasoning, or grammatical explanation, for that interpretation of the statute. Moreover, Heck's suggestion makes little sense. The likely reason a delay is requested is because the buyer cannot pay without delay. It is illogical to conclude that a buyer who asks for a delay is suddenly able to pay without delay once she cannot reach an agreement to delay payment.

No. 15-40964

As secondary arguments, Heck first asserts that providing the purchase price within 20 minutes of the sale could not be a condition of the sale because the condition was not announced before the first sale of the day. *See* Tex. Prop. Code Ann. § 51.0075(a) (West 2009). Heck also asserts that the only condition announced—the purchase price is due and payable without delay upon acceptance of the bid unless the purchaser and the substitute trustee agree upon a reasonable time for the purchaser to deliver the funds—is unenforceable because a question exists as to meaning of "without delay."

We are unpersuaded. First, as Citi points out, the 20 minutes offered by the trustee was not a condition of the sale, but a mere offer to reach an agreement concerning the time of payment (an offer that Heck rejected). Second, Heck's "unenforceability argument" is premised on his definition of "without delay." But as stated above, the term's definition is immaterial under the present facts. Further, the "condition announced" was essentially the recitation of § 51.0075(f), not an additional condition of sale set by the trustee.

For the foregoing reasons, we **AFFIRM** the district court's judgment and **DENY** Heck's request for certification to the Texas Supreme Court.

---

Common sense suggests that if the buyer cannot pay without delay, and cannot reach an agreement to delay payment, the bid is lost. And that is exactly what happened to Heck.