**William Otto MANNING, Appellant,**

v.

**SEARS, ROEBUCK & COMPANY et al.,
Appellees.**

**No. 15104.**

Court of Civil Appeals of Texas.

Houston.

June 29, 1967.

Rehearing Denied Aug. 24, 1967.

Robert W. Hagen, Charles E. Odom, Houston, for appellant.

Talbert, Giessel, Barnett & Stone, Henry Giessel, Houston, for appellee Woodrow W. Watson.

Oldham & Lorance, Tom Lorance, Houston, for appellees Sears, Roebuck & Co.

Brackeen & Pennington, Troy Stallones, B. L. Brackeen, Houston, for appellee Frank A. Montalbano.

COLEMAN, Justice.

This is a suit to recover damages for personal injuries resulting from an automobile collision. The trial court entered a judgment for the defendants based on a jury verdict.

Appellant presents two points of error:

(1) "The trial court erred in granting the Appellees a total of eighteen (18) peremptory challenges to the jury panel because such grant was contrary to Rule 233, T.R.C.P. and such grant deprived Appellant of the fundamental right to a fair jury trial guaranteed by the laws and Constitution of the State of Texas and the due process and equal protection clause of the Fourteenth Amend-

ment of the Constitution of the United States."

(2) "The trial court erred in refusing to submit special issues on wanton acts and omissions on the sole ground that the defense of contributory negligence would defeat recovery, by Appellant, of his damages arising therefrom because wanton conduct is not included in the class of negligent conduct coming within the doctrine of comparative negligence as rejected."

No motion for new trial was filed in the trial court. Appellant elected to appeal without a statement of facts. The transcript contains a bill of exceptions reflecting that appellant informed the court that each of the named defendants had a public liability insurance policy issued by the Allstate Insurance Company; that the insurance company had employed the lawyers representing each of the defendants; that under the terms of the policies the insurance company had the right to direct and control the defense of the action against each of the defendants, and, therefore, there could be no diversity of interest as between the defendants. The Bill then reflects that appellant objected to the defendants', collectively, being permitted more than six peremptory challenges to the jury panel; that the trial court denied the objection and allowed each defendant six challenges.

It is appellant's contention that he has properly preserved his complaint by a formal bill of exception as provided by Rule 372, Texas Rules of Civil Procedure, and that despite the wording of Rule 324, T.R.C.P., it is not necessary to again present the claimed error to the trial court in a motion for new trial.

■ This point cannot be sustained. Rule 372 merely provides the procedure for taking bills of exception in the trial court which constitute proof of the matters claimed to be error. Nothing in this Rule conflicts with the provisions of Rule 324, T.R.C.P., requiring motions for new

trial. Since the matter of which complaint is made in appellant's first point was not presented to the trial court in a motion for new trial and does not fall in any of the exceptions contained in Rule 324, the merits of the point cannot be considered by this Court. St. Louis Southwestern Railway Company v. Gregory, 387 S.W.2d 27 (Tex.1965).

■ In connection with his second point appellant argues that since he requested certain special issues by presenting same to the trial judge, who endorsed them "refused" and signed them officially, he has complied with the provisions of Rule 276, T.R.C.P., and each of these requested special issues constitutes a bill of exceptions which can be considered by this Court although no motion for new trial was filed in the trial court.

For the reasons stated in connection with the first point, the second point cannot be considered by this Court. Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887 (Tex. 1960).

The judgment of the Trial Court is affirmed.