ST. LOUIS SOUTHWESTERN RAILWAY COMPANY, Petitioner,

v.

Owen J. DUKE et al., Respondents.

No. B–262.

Supreme Court of Texas.

Dec. 13, 1967.

Clyde W. Fiddes, Tyler, Albert Tarbutton, Jr., Daingerfield, Ramey, Brelsford, Flock & Devereux, Jack Flock and Michael A. Hatchell, Tyler, for petitioner.

Jones, Jones & Baldwin, Franklin Jones, Marshall, J. Alex Blakeley, Dallas, for respondents.

GREENHILL, Justice.

The decision in this case turns upon applications of the Texas Rules of Civil Procedure dealing with the filing of, or the failure to file, a motion for new trial. After the jury had returned its answers to special issues, counsel for the plaintiffs filed a "motion for mistrial" because of alleged conflicts in the jury's answers. The motion was overruled, and a judgment was entered upon the verdict for the defendant. The plaintiffs thereafter filed no motion for new trial but sought a reversal in the Court of Civil Appeals on the sole basis of the alleged conflicts. As will be developed below, it is contended that no motion for new trial should be required under the circumstances. It is further asserted that the pleading called a motion for mistrial was in substance a motion for new trial, or that it served that function.

The defendant filed a motion in the Court of Civil Appeals to dismiss the appeal because no motion for new trial had been filed in the trial court raising the question of conflicting answers in the jury's verdict. The Court of Civil Appeals overruled that motion and entered a judgment reversing the judgment of the trial court and ordering a new trial because of the conflicts. 413 S.W.2d 813. We granted a writ of error on the procedural problems.

The action arose out of an automobile-train collision. The jury found the railroad guilty of negligence and also found the driver of the automobile, Mrs. Duke, guilty of contributory negligence. But the jury found that neither the railroad's nor Mrs. Duke's negligence was a proximate cause of the collision, and that the collision was not an unavoidable accident. Counsel for the plaintiffs thereupon moved that the court retire the jury for further deliberations because of alleged conflicts in the above findings. The court overruled that motion and received the verdict of the jury. Ten days later plaintiffs' counsel filed "plaintiffs' motion for a mistrial made subject to the action of the court on their motion for judgment on the verdict." It again asserted the conflict in the jury's answers. Its prayer, if the court failed to enter judgment for the plaintiffs on the verdict, was: "the Plaintiffs respectfully pray the Court to declare a mistrial and set this cause for another trial." The judgment of the trial court, entered several weeks later, overruled the "plaintiffs' motion for mistrial"; and, based upon the verdict of the jury, it decreed that plaintiffs take nothing.

The plaintiffs gave timely notice of appeal and filed an appeal bond after judgment was entered. But, as stated, they filed no motion for new trial. And, as stated, the Court of Civil Appeals, after overruling the defendant's motion to dismiss the appeal, reversed the trial court's judgment and remanded the cause for a new trial. We do not reach the question of conflicts in the answers to the special issues upon which the Court of Civil Appeals reversed because of the requirements of the rules of civil procedure which require the filing of a motion for new trial to preserve the error complained of.

■ A motion for new trial is a jurisdictional prerequisite to appeal from a case tried to a jury, with certain specific exceptions. Rule 324 provides that:[1]

"In all cases tried in the county or district court, where parties desire to appeal

---

1. All references herein are to the Texas Rules of Civil Procedure unless otherwise indicated.

from a judgment of the trial court, a motion for new trial shall be filed as a prerequisite to appeal; provided that neither a motion for new trial nor an assignment therein shall be a prerequisite to the right to complain on appeal of the action of the court in giving a peremptory instruction, or in withdrawing the case from the jury and rendering judgment, or in rendering or refusing to render judgment non obstante veredicto or notwithstanding the finding of the jury on one or more special issues, or in overruling a motion for jugment on the verdict made by the party who becomes appellant; nor shall a motion for new trial be required in a non-jury case or in a case where the appeal is based upon some error of the trial court arising after its action upon the motion for new trial. * * *"

■ None of the above exceptions to Rule 324 are applicable in the instant case. The plaintiffs do not complain of a peremptory instruction; the trial court did not withdraw the case from the jury; there was no motion for judgment non obstante veredicto or to disregard special issue findings. Under these circumstances, a motion for new trial was clearly required as a prerequisite to appeal. Assuming, without deciding, that there was an irreconcilable conflict in the jury answers, it was necessary to file a motion for new trial assigning as error the entry of judgment on conflicting jury findings. St. Paul Fire & Marine Insurance Co. v. Murphree, 163 Tex. 534, 357 S.W.2d 744 (1962).

It is contended that the function of a motion for new trial is to call the attention of the trial court to errors in the trial so that they may be corrected; that the motion filed by plaintiffs did this; and that it would cause unnecessary expense and delay to require that a motion stating in substance the same thing must be filed again at a later time as a motion for new trial. It is asserted that Rule 1, which calls for a liberal interpretation of the rules to obtain substantial justice, should be used to reach that result. This Court, however, in Still-

man v. Hirsch, 128 Tex. 359, 99 S.W.2d 270 (1936) laid out the conflicting opinions as to whether matters once complained of during a jury trial must be again called to the trial court's attention in a motion for new trial. A line of cases was set out which held that if the ruling complained of had once been called to the attention of the trial court, it was not necessary to include again such point or points in a motion for new trial. Cases to the contrary were also set out. There was then before the Court Rule 71a for district and county courts, a predecessor of Rule 324. This Court deliberately chose the interpretation that with exceptions set out in the rule, the errors complained of must be repeated in a motion for new trial. This construction of Rules 1 and 324 was reaffirmed in Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887 (1960). In that case, written objections to the charge which had been presented to the trial court were held to have been waived because they were not properly preserved in a motion for new trial. See also St. Louis Southwestern Railway Company v. Gregory, 387 S.W.2d 27 (Tex.Sup.1965).

This Court recently overruled similar contentions when it approved the opinion in Manning v. Sears, Roebuck & Company, 417 S.W.2d 639 (Tex.Civ.App.1967, writ refused). In that case the plaintiff objected to the number of peremptory challenges to the jury panel allowed the defendants. He had also requested special issues which were marked "refused" and signed by the trial court. He failed to file a motion for new trial, instead relying on bills of exceptions to preserve the alleged errors on appeal. The Court of Civil Appeals correctly held that it could not consider the points since they were not assigned in a motion for new trial and did not fall within any of the exceptions to Rule 324. Following these cases, we hold that the error complained of must have been embodied in a motion for new trial.

Counsel for plaintiffs asserts that the pleading which had a title beginning "plaintiffs' motion for mistrial" was in substance

a motion for new trial because, among other things, it prayed that the court "declare a mistrial and *set this cause for another trial*." [All emphasis herein is ours.] We are then referred to Rule 71 which states that when a party has mistakenly designated any pleading, the court, if justice so requires, shall treat the pleading as if it had been properly designated. The motion was filed well before the entry of judgment; but, assuming the "motion for mistrial" was in fact a motion for new trial, we are referred to Rule 306c, which says that no motion for new trial shall be held to be insufficient because prematurely filed, but "shall be deemed to have been filed on the date of, but subsequent to the rendition of the judgment the motion assails, * * *"

We are unable to agree that the pleading called "plaintiffs' motion for mistrial" is a mislabeled motion for new trial. The distinction between the two was discussed in Cortimeglia v. Herron, 281 S.W. 305 (Tex.Civ.App.1926, writ refused):

"There is also a marked difference between a court granting a motion for a new trial and declaring a mistrial. * * The former contemplates that a case has been tried, a judgment rendered, and on motion therefor said judgment set aside and a new trial granted. The latter results where, before a trial is completed and judgment rendered, the trial court concludes there is some error or irregularity that prevents a proper judgment being rendered, in which event he may declare a mistrial."

Looking to the substance of the pleading styled "plaintiffs' motion for mistrial," we find the following: It is brief and begins with a sentence which says that if the court overruled their motion for judgment on the verdict of the jury, plaintiffs "present their motion for mistrial for the following reasons." Then follow two numbered paragraphs in which it is asserted that the findings of the jury are in direct and irreconcilable conflict. The pleading then concludes with a prayer which, as stated, asks the court to declare a mistrial and set the cause for another trial. The motion does not attack a judgment. It asks the court to terminate the trial before judgment and to set the cause for another trial. Moreover, under Rule 306c dealing with prematurely filed motions for new trial, the rule speaks in terms of "the judgment the motion assails." This motion assails no judgment. It is correctly called a motion for mistrial and cannot be considered a prematurely filed motion for new trial under Rule 306c.

Under Rule 324 and the previous decisions of this Court construing it, the Court of Civil Appeals erred in overruling the defendant's motion filed in that court to dismiss the appeal because of failure of the plaintiffs to file a motion for new trial complaining of the only point contained in their brief in the Court of Civil Appeals. The judgment of the Court of Civil Appeals is reversed, and the appeal is dismissed.