William E. VANDER VOORT and
Richard R. Ewing, Appellants,

v.

The STATE BAR OF TEXAS, Appellee.

No. 01–89–01253–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 29, 1990.

Rehearing Denied Jan. 17, 1991.

Dennis M. Beck, Houston, for appellants.

Frank Douthitt, Gen. Counsel, State Bar of Tex., Linda A. Acevedo, Asst. Gen. Counsel, Austin, for appellee.

Before COHEN, DUGGAN and PRICE *, JJ.

OPINION

COHEN, Justice.

Appellants, two Texas attorneys, appeal from the trial court's judgment ordering that they be publicly reprimanded for professional misconduct. The trial court found that appellants violated SUPREME COURT OF TEXAS, CODE OF PROFESSIONAL RESPONSIBILITY, DR 2–110(A)(1) and (2) (1984) (hereinafter referred to as DR 2–110).[1]

The parties stipulated that: (1) in May 1982, appellants agreed to represent Jan Popiel in pursuing an involuntary bankruptcy proceeding; (2) appellants subsequently filed an adversary proceeding; (3) appellants were Popiel's attorneys of record in the adversary proceeding from June 1982 until March 1983; (4) in November 1982, Ewing ceased representing Popiel for nonpayment of fees; (5) Ewing did not, before November 1982, directly communicate to Popiel his intent to withdraw as counsel; (6) while serving as Popiel's attorney of record, Ewing did not appear for the January 3, 1983 trial setting in the adversary proceeding; (7) before January 3, 1983, Ewing did not move to withdraw or to substitute counsel; (8) Vander Voort failed to appear at the January 3, 1983 trial setting when he was Popiel's attorney of record; (9) on January 6, 1983, Vander

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. Repealed by Order of the Texas Supreme Court, dated October 17, 1989, adopting SUPREME

COURT OF TEXAS, STATE BAR RULES art. X, § 9 (Texas Disciplinary Rules of Professional Conduct) (1990).

Voort told Popiel that he was withdrawing as counsel, but before then, he did not directly communicate to Popiel his intent to withdraw as counsel, and did not give Popiel time to employ new counsel; and (10) Vander Voort did not move to withdraw or to substitute counsel before March 1983.

Appellants first assert the trial court erred in finding a violation of DR 2–110(A)(1) because the State Bar did not plead a violation of that rule. This rule provides that if court rules require permission for withdrawal of counsel, counsel shall not withdraw without the court's permission. Here, the rules required that any change in counsel be made with the bankruptcy court's approval.

The Bar's petition alleged that Ewing abandoned Popiel in November 1982 without moving to withdraw or to substitute counsel. The petition alleged that Vander Voort, before failing to appear on January 3, did not move to withdraw or to substitute counsel. The petition did not cite DR 2–110(A)(1) by number, although it cited six other disciplinary rules by number, including section and subsection. The petition did not allege that bankruptcy court rules required permission to withdraw or that appellants had violated bankruptcy court rules.

■ Appellants rely on section 18(5) of the State Bar Rules,[2] which provides:

The disciplinary petition shall allege: … (4) A brief description of the acts and conduct that gave rise to the claimed professional misconduct sufficient to give fair notice, which allegations may be grouped in one or more counts; (5) The Disciplinary Rule or Rules allegedly violated by such acts and conduct or other grounds for seeking sanctions. …

Appellants contend this section requires a stricter standard for pleadings in attorney disciplinary suits than the "fair notice" required in TEX.R.CIV.P. 45. We agree. In section 18, the "fair notice" requirement is followed by the additional requirement to allege the rule violated. We interpret this

to mean that the number of the rule violated shall be alleged, not merely the acts constituting a violation. Any other holding would render the fifth requirement meaningless. The existence of a heightened pleading requirement is confirmed by comparing section 18, which lists the requirements of the State Bar's petition, with section 19,[3] which governs the respondent's answer. Section 19 requires only that the respondent's answer "shall be as in civil cases generally."

■ Here, the State Bar did not allege by number DR 2–110(A)(1), while alleging by number six other rules. Pleading six rules by number, while omitting one of the two rules relied on to support the judgment, creates a significant potential for lack of notice that, in a proper case, might require reversal. Because of section 18(5), the State Bar should always plead by number all disciplinary rules it contends were violated.

Reversal is not required here, however, for two reasons. First, appellants did not raise this contention in the trial court. Thus, they have not complied with TEX.R. APP.P. 52(a). Nothing is presented for review. This is not a case of fundamental error. *See Pirtle v. Gregory,* 629 S.W.2d 919, 920 (Tex.1982). Second, appellants were not harmed because the judgment has another independent basis, a violation of DR 2–110(A)(2), which was supported by pleadings and evidence. TEX.R.APP.P. 81(b)(1).

The first point of error is overruled.

■ Appellants next contend that no evidence shows they violated DR 2–110(A)(2). That rule provides that an attorney shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to his client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, and complying with applicable laws and rules.

**2.** SUPREME COURT OF TEXAS, STATE BAR RULES art. X, § 18 (1988):

**3.** SUPREME COURT OF TEXAS, STATE BAR RULES art. X, § 19 (1988).

The evidence is undisputed that Ewing ceased representing Popiel in November 1982 without directly communicating this fact, without delivering the file to Popiel, and without complying with the bankruptcy court's rules until after January 3, 1983. The evidence is also undisputed that Vander Voort ceased representing Popiel without directly communicating this fact, without delivering the file to Popiel, and without complying with the bankruptcy court's rules until after January 3, 1983.

Appellants failed to notify Popiel that he was unrepresented, and left him unrepresented on January 3. It was not until the bankruptcy court issued a show cause order on March 9, 1983 for appellants to show cause why they did not appear for the January 3, 1983 trial, that appellants acted to protect Popiel's interests in the adversary proceeding. This constitutes some evidence that appellants violated DR 2–110(A)(2).

The second point of error is overruled.

Appellants' third point of error asserts that, "as a matter of law, an inadvertently missed docket call which does not cause harm to the client is not a violation of the disciplinary rules, in that such an interpretation would necessarily involve selective prosecution in violation of due process."

Appellants cite no authority supporting this point. They cite no evidence that they were victims of selective prosecution. They do not claim, on appeal, that they were selectively prosecuted, and they did not claim that in the trial court. Therefore, appellants present nothing for review. TEX.R.APP.P. 52(a), 74(f).

Moreover, there is evidence that Popiel was harmed. Popiel had to write a pro se letter to prevent dismissal of his suit, and he had to retain other counsel to represent him at the show cause hearing.

The third point of error is overruled.

The judgment is affirmed.