**Sheri ROLING, Individually and as Next Friend of Sonya Roling, Appellant,**

v.

**ALAMO GROUP (USA), INC., Austin Products, Inc., and Servis Rhino, Inc., Appellees.**

No. 11–91–102–CV.

Court of Appeals of Texas, Eastland.

Oct. 1, 1992.

Rehearing Denied Oct. 29, 1992.

Charles P. Connolly, Merriman, Patterson & Allison, John D. Sloan, Jr., Glenn A. Perry, Mary Ann Rea, Hill, Perry & Sloan, Longview, Clay Wilder, Wilder, Wilder & Gossett, Henderson, for appellant.

Edward L. Merritt, Harbour, Kenley, Boyland, Smith & Harris, Gregory P. Grajczyk, Harbour, Kenley, Boyland, Smith & Harris, Longview, for appellees.

## OPINION

McCLOUD, Chief Justice.

This is a products liability case. Sonya Roling, a 13-year-old girl, was seriously injured while she was helping her father, Tony Roling, dig postholes with a power auger posthole digger distributed and marketed by Alamo Group (USA), Inc. Sonya's mother, Sheri Roling, sued individually and as next friend of Sonya.[1] Alamo answered that Sonya and her mother were contributorily negligent. Alamo filed a cross-action against Tony Roling and against Sonya's grandfather, the owner of the posthole digger, alleging that the negligence of the cross-defendants was the sole proximate cause of the injuries suffered by Sonya and Sheri Roling.

The jury found that there was a marketing defect in the posthole digger when it left the possession of Alamo. A marketing defect was defined as a failure to give adequate warnings or instructions. However, based on the jury's finding that Sonya's negligence proximately caused 70 percent of her injuries, the trial court entered a take-nothing judgment in favor of Alamo.[2] Sheri Roling, individually and on be-

---

1. Plaintiff sued Alamo and its predecessors, Servis Rhino, Inc. and Austin Products, Inc. We will only refer to Alamo, the successor business entity, as the defendant.

2. The plaintiff could only recover damages in this products liability case if the minor's responsibility was less than 60 percent. See TEX.CIV. PRAC. & REM.CODE ANN. § 33.001 (Vernon Supp.1992).

half of her minor daughter, appeals. We affirm.

The posthole digger was attached to a farm tractor being operated by Tony Roling. Sonya stood behind the tractor and in front of the posthole digger. As the posthole digger was lowered, Sonya would push on the gearbox of the posthole digger in order to provide weight and to guide it into place. Sonya became entangled in the equipment. In Question No. 3, the jury found that the negligence of Alamo, Sonya Roling, and Tony Roling proximately caused the injuries.

Plaintiff contends in her first point of error that there is an irreconcilable conflict between the jury's answers to Question Nos. 4 and 5. See *Little Rock Furniture Mfg. Co. v. Dunn*, 148 Tex. 197, 222 S.W.2d 985 (Tex.1949). Question No. 4 and the jury's answer read as follows:

For each person or product found by you to have caused the injuries in question, find the percentage caused by—

| | |
|---|---|
| The posthole digger and Alamo Group (USA), Inc. | 30 |
| Sonya Roling | 70 |
| TOTAL | 100% |

Question No. 5 and the jury's answer read as follows:

For each person or product found by you to have caused the injury in question, find the percentage caused by—

| | |
|---|---|
| The posthole digger and Alamo Group (USA), Inc. | 15% |
| Sonya Roling | 5% |
| Sheri Roling | 0 |
| Tony Roling | 80% |
| TOTAL | 100% |

■ Alamo first argues that the trial court properly disregarded the jury's answer to Question No. 5 because it was immaterial. Alamo urges that Question No. 4 was designed to determine the comparative responsibility of Alamo and Sonya Roling while Question No. 5 was designed *to determine the derivative claim of Sonya's mother.* See TEX.CIV.PRAC. & REM.CODE ANN. §§ 33.003 and 33.016 (Vernon Supp.1992); 3 STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 71.14 (1990). Thus, according to Alamo, the questions decide different material facts. See *Bender v. Southern Pacific Transportation Company*, 600 S.W.2d 257, 260 (Tex.1980). We do not reach Alamo's argument. Assuming without deciding that the jury's answers were in conflict, we hold that the conflict was waived.

Plaintiff did not object to the jury's answers before the jury was discharged. Plaintiff first raised the issue of irreconcilable conflict in her motion for new trial. TEX.R.APP.P. 52(a) requires a party to present to the trial court a "timely" request, objection, or motion. The trial court must be made aware of an alleged error so that the court can prevent or correct the error.

TEX.R.CIV.P. 295 provides a procedure for correcting conflicting jury answers. Rule 295 allows the trial court to reform the defective verdict by instructing the jury of the nature of the conflict and retiring the jury for further deliberations. Once the jury is discharged, a conflict in the jury's answers cannot be reformed.

There is language in Little Rock Furniture Mfg. Co. v. Dunn, supra, that a "fatal conflict" in jury answers cannot be waived. Our Supreme Court in *St. Paul Fire & Marine Insurance Company v. Murphree*, 163 Tex. 534, 357 S.W.2d 744 (1962), considered *Little Rock Furniture* and rejected the contention that a "fatal conflict" was fundamental and could not be waived. See also *Richter v. Plains National Bank of Lubbock*, 487 S.W.2d 704 (Tex.1972).

Plaintiff cites *St. Louis Southwestern Railway Company v. Duke*, 424 S.W.2d 896 (Tex.1967), to support her position that she could raise the conflict between Question Nos. 4 and 5 for the first time in her motion for new trial. Plaintiff misreads *Duke*. The issue in *Duke* was whether it was necessary to file a motion for new trial assigning as error the conflicting jury findings. The court held that, under TEX. R.CIV.P. 324 as it read at that time, a motion for new trial was clearly required. A timely objection had been urged in the trial court, and the plaintiff in *Duke* had requested the trial court to retire the jury for further deliberations. *Duke* does not

hold that conflicting jury findings may be raised for the first time in a motion for new trial. *Duke* holds that, under Rule 324 as it was then written, an assignment of error urging conflicting findings must be included in a motion for new trial.

Plaintiff's reliance on *First Texas Service Corporation v. McDonald,* 762 S.W.2d 935 (Tex.App.—Fort Worth 1988, writ den'd), is misplaced. The court in *McDonald* misconstrued *Duke,* stating that *Duke* held that conflicting jury findings could be raised for the first time in a motion for rehearing. The Fort Worth Court felt strongly that the better rule was to require a party to object to an alleged conflict before the jury was discharged, but the court construed *Duke* to not require such timely objection. As pointed out above, there was a timely objection in *Duke;* and the Supreme Court was concerned only with whether the alleged conflict had to be included as an assignment of error in a motion for new trial.

■ An objection to an incomplete verdict must be made before the jury is discharged in order to preserve error. *Fleet v. Fleet,* 711 S.W.2d 1 (Tex.1986). We hold that the same rule applies to conflicting jury findings. The plaintiff's first point of error is overruled.

■ In Points of Error Nos. 2 through 7, the plaintiff contends that the evidence is legally or, alternatively, factually insufficient to support the jury's findings that Sonya's negligence was a proximate cause of her injuries (Question No. 3); that Sonya was 70 percent responsible for her injuries (Question No. 4); or that Sonya was 5 percent responsible for her injuries (Question No. 5). Plaintiff asserts in Points of Error Nos. 8 and 9 that the jury's findings that Alamo was only 15 percent responsible for Sonya's injuries (Question No. 5) and that Alamo was only 30 percent responsible for Sonya's injuries (Question No. 4) are against the great weight and preponderance of the evidence.

In determining plaintiff's "no evidence" points, we must consider only the evidence and inferences tending to support the jury's findings; and we must disregard all evidence and inferences to the contrary. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951). When deciding plaintiff's factually insufficient evidence and great weight points, we must consider and weigh all of the evidence and must set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain,* 709 S.W.2d 175 (Tex.1986).

The auger on the posthole digger revolved at approximately 300 revolutions per minute and operated off the power takeoff of a tractor. Both plaintiff and Alamo presented experts who gave conflicting opinions as to the negligence of Alamo and Sonya. The danger warnings located on the posthole digger were discussed and analyzed at length by the different experts. The witnesses expressed different opinions regarding the warnings. Specifically listed were warnings to never wear loose clothing while operating or working in close proximity to the equipment; to never use body weight to force the auger into the ground; and to not operate the equipment if persons were within ten feet of the machine. Sonya testified that she did not see the warnings. Sonya's acts, knowledge, and appreciation of the danger were covered extensively. The evidence was conflicting as to whether Sonya's father warned her to be careful. There was evidence that the entanglement occurred at the top of the auger where the shaft connects to the gearbox when Sonya's shirt was caught by an unguarded revolving shear pin. However, there was also evidence that Sonya became entangled in the blade itself which then pulled her into the machine. Sonya testified that she made no attempt to keep away from the rotating blade. The jury viewed an operating model of the posthole digger and a video display of the machine in operation.

The issues were sharply disputed, and the evidence was conflicting as to the ultimate responsibility for the accident. The jury was the exclusive judge of the credibility of the witnesses and the weight to be given to their testimony. *Leyva v. Pacheco,* 163 Tex. 638, 358 S.W.2d 547 (1962).

We overrule plaintiff's Points of Error Nos. 2 through 9. The evidence was both legally and factually sufficient to support the challenged jury findings.

■ Plaintiff contends in her final point of error that the trial court erred by allowing into evidence the theory that Sonya Roling may have been injured by becoming entangled in the blade of the auger as opposed to the protruding bolt because Alamo did not reveal this theory to plaintiff in answers to interrogatories. Plaintiff argues that Richard Berry, an engineer, was allowed to give his opinion that the entanglement occurred in the auger blade as opposed to on an exposed bolt.

Plaintiff's objection to Berry's testimony was not timely. Rule 52(a); *MBank Dallas, N.A. v. Sunbelt Manufacturing Inc.,* 710 S.W.2d 633 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). Furthermore, similar evidence had been admitted without objection. The testimony was cumulative. *McKinney v. National Union Fire Insurance Company of Pittsburgh, Pennsylvania,* 772 S.W.2d 72 (Tex.1989); *Richardson v. Green,* 677 S.W.2d 497 (Tex.1984); *Celotex Corporation v. Tate,* 797 S.W.2d 197 (Tex. App.—Corpus Christi 1990, no writ). Plaintiff's point of error is overruled.

The judgment of the trial court is affirmed.