IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-417-CV





GARY MACINNIS,



 APPELLANT


vs.





STATE BAR OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT



NO. 91-12629, HONORABLE CARL C. ANDERSON, JUDGE PRESIDING



 





PER CURIAM



 Appellant Gary MacInnis appeals from a judgment of the district court of Travis
County that suspended him from the practice of law for engaging in conduct involving dishonesty
and misrepresentation. Appellee State Bar of Texas sought the suspension based on MacInnis's
actions in the purchase of a home from Wanda Johnson. We will affirm the judgment of the trial
court.

 In 1987, MacInnis agreed to purchase Johnson's home for the amount of $10,000,
which represented her equity in the house, plus ten percent interest to be paid over a twenty-four
month period and signed a promissory note for this amount. He was also to make any payments
past due on Johnson's mortgage and to assume the remaining indebtedness. Johnson understood
that the note was secured with a deed of trust. She was not represented by an attorney or real
estate agent during the transaction; MacInnis prepared the documents.

 MacInnis made five payments on the note to Johnson and then defaulted. When
Johnson consulted a lawyer about foreclosing on the house, she discovered that MacInnis had not
filed a deed of trust. The promissory note was, therefore, not secured with the property as the
parties had agreed. She filed a complaint with the State Bar which, after investigation, filed a
disciplinary action against MacInnis in Travis County district court. See generally Tex. Gov't
Code Ann. § 81.077 (West 1988 & Supp. 1994); State Bar Rules, art. X, §§ 10-23, 46 Tex. B.J.
Suppl. (1983) (repealed effective May 1, 1992, except to extent apply to pending disciplinary
proceedings) ("State Bar Rules").

 The jury found that MacInnis engaged in conduct involving dishonesty and
misrepresentation. The jury failed to find that he engaged in conduct that involved fraud or
deceit, or that adversely reflected on his fitness to practice law. See State Bar Rules, art. X, §
9, DR 1-102(A)(4), (6) ("DR 1-102"). (1) Based on the two affirmative findings, the trial court
concluded that MacInnis committed professional misconduct in violation of DR 1-102(A)(4) and
rendered judgment suspending him from the practice of law for two years. The second year of
the suspension was probated.

 In his first point of error, MacInnis asserts that the trial-court judgment is not
supported by the pleadings, the evidence, or the jury findings. Because the point covers more
than one ground of error, it is multifarious. Clancy v. Zale Corp., 705 S.W.2d 820, 824 (Tex.
App.--Dallas 1986, writ ref'd n.r.e.). We will, however, address each argument as we understand
it. See Tex. R. App. P. 74(p); Vondy v. Commissioners Court of Uvalde County, 714 S.W.2d
417, 420 (Tex. App.--San Antonio 1986, writ ref'd n.r.e.).

 MacInnis first asserts that the State Bar's original petition did not plead facts
sufficient to support the judgment. MacInnis did not specially except to the petition. See Tex.
R. Civ. P. 90 (defect, omission or fault in pleading that is not specifically pointed out by
exception in writing is waived). In the absence of special exceptions, a petition is construed
liberally in favor of the pleader. Roark v. Allen, 633 S.W.2d 804, 809 (Tex. 1982); Torch
Operating Co. v. Bartell, 865 S.W.2d 552, 554 (Tex. App.--Corpus Christi 1993, writ denied). 
A petition is sufficient if it gives fair and adequate notice of the facts upon which the claim is
based; the petition should provide a defendant information sufficient to prepare a defense. Roark,
633 S.W.2d at 810; Bartell, 865 S.W.2d at 554.

 The State Bar's petition describes the transaction between Johnson and MacInnis
and identifies the disciplinary rules that he allegedly violated. See State Bar Rules art. X, § 18
(requisites of disciplinary petition); Vander Voort v. State Bar of Tex., 802 S.W.2d 332, 333
(Tex. App.--Houston [1st Dist.] 1990, writ denied). The State Bar rules required the petition to
include a brief description of the claimed misconduct and to name the rules allegedly violated. 
State Bar Rules, art. X, § 18(4), (5). The Bar did not have to allege every element of the cause
of action or every fact specifically. "Every fact will be supplied that can reasonably be inferred
from what is specifically stated." Gulf, Colo. & S.F. Ry. Co. v. Bliss, 368 S.W.2d 594, 599
(Tex. 1963). The State Bar's petition was sufficient to support the questions submitted to the jury
and the judgment.

 MacInnis next complains that the jury findings do not support the judgment. The
trial court based its judgment on the affirmative findings of dishonesty and misrepresentation. 
MacInnis suggests, however, that the judgment is not supported by proof of fraud because the
State Bar did not prove that he knew the misrepresentation was false when made. See Walker v.
Comdata Network, Inc., 730 S.W.2d 769, 771 (Tex. App.--Dallas 1987), dism'd, 741 S.W.2d 927
(Tex. 1988) (when basis of fraud claim is promise of future action, one element is that party knew
promise was false when made).

 The State Bar failed to meet its burden of proof on the issue of fraud. However,
misrepresentation and dishonesty are independent bases on which an attorney may violate DR 1-102. The jury found that MacInnis engaged in conduct involving dishonesty and
misrepresentation. Furthermore, the State Bar did not assert a common law cause of action for
fraud. (2) MacInnis provides no authority for the proposition that a claim of misrepresentation under
DR 1-102(4) is an element or the equivalent of a cause of action for fraud. See State Bar of Tex.
v. Faubion, 821 S.W.2d 203, 207 n.4 (Tex. App.--Houston [14th Dist.] 1991, writ denied). The
jury findings support the judgment rendered.

 Finally, MacInnis seemingly contends that no evidence supports a finding of fraud. 
See Alm v. Aluminum Co. of Am., 717 S.W.2d 588, 593 (Tex. 1986); Gamez v. State Bar of Tex.,
765 S.W.2d 827, 830 (Tex. App.--San Antonio 1988, writ denied). The jury failed to find that
MacInnis engaged in conduct involving fraud. This argument presents nothing for review. We
overrule the first point of error.

 In his second point of error, MacInnis asserts that the trial court erred in rendering
judgment because the jury findings irreconcilably conflict. MacInnis argues that the trial court
should have given greater weight to the failure to find fraud than to the two affirmative findings
of misrepresentation and dishonesty. He also suggests that the conflict cannot be reconciled
because the terms "dishonesty," "fraud," "deceit," and "misrepresentation" are synonymous. In
effect, he contends the questions ask about the same material facts. See Bender v. Southern Pac.
Transp. Co., 600 S.W.2d 257, 260 (Tex. 1980); Roling v. Alamo Group (USA), Inc., 840 S.W.2d
107, 109 (Tex. App.--Eastland 1992, writ denied).

 MacInnis, however, did not raise the issue of conflicting findings in the trial court
and has waived any error. Tex. R. App. P. 52(a); St. Paul Fire & Marine Ins. Co. v. Murphree,
357 S.W.2d 744, 748-49 (Tex. 1962); Roling, 840 S.W.2d at 109; see Tex. R. Civ. P. 295
(correction of verdict). Nevertheless, we conclude that the findings do not conflict. We overrule
the second point of error.

 Under his third point of error, MacInnis argues that the trial court erred in not
submitting definitions or instructions of the terms "dishonesty" and "misrepresentation." 
MacInnis objected to the failure to define the terms but did not submit proposed definitions. A
party must request and tender, in writing, the definition in substantially correct form to preserve
a complaint for appeal. Tex. R. Civ. P. 279; Yellow Cab & Baggage Co. v. Green, 277 S.W.2d
92, 93 (Tex. 1955); City of San Antonio v. Dunn, 796 S.W.2d 258, 262 (Tex. App.--San Antonio
1990, writ denied); see Spencer v. Eagle Star Ins. Co., 37 Tex. Sup. Ct. J. 519, 521 (objection
to a defective instruction sufficient to preserve error pursuant to Tex. R. Civ. P. 274).

 Furthermore, MacInnis's objection is somewhat unclear: he intertwined objections
to the lack of definitions and to the submission of the same offense in several questions. The
objection or request should make the trial court "aware of the complaint, timely and plainly . . . ." 
State Dept. of Highways & Pub. Transp. v. Payne, 838 S.W.2d 235, 241 (Tex. 1992). We
overrule point of error three.

 In his fourth point of error, MacInnis contends that the trial court erred in not
submitting his requested jury question on the affirmative defenses of fraud or equitable estoppel. 
The transcript includes an order denying MacInnis's requested charge but the transcript does not
include the request. As appellant, MacInnis has the burden to present a record sufficient to show
error requiring reversal. Tex. R. App. P. 50(d). Because the written request is not part of the
record, MacInnis has not presented a record sufficient for review. See Tex. R. Civ. P. 273, 278;
AmSav Group, Inc. v. American Sav. & Loan Ass'n, 796 S.W.2d 482, 490 (Tex. App.--Houston
[1st Dist.] 1990, writ denied). We overrule point of error four. 

 In his fifth point of error, MacInnis asserts the trial court erred in "allow[ing] the
jury to be misled into thinking that a copy of the deed of trust did not have the same force and
effect as the original deed of trust." We understand him to complain of the trial court's excluding
testimony regarding originals and copies of documents and not taking judicial notice of Texas Rule
of Civil Evidence 1003 and section 191.007(f) of the Local Government Code. (3) The focus of this
point is the apparent absence of a deed of trust to secure the $10,000 promissory note.

 MacInnis apparently wished to show that a copy of a deed of trust had the same
effect as the original. The gravamen of Johnson's complaint was that MacInnis had not filed a
deed of trust to secure the note, although he agreed to handle the documents for the sale of the
house. See Tex. Prop. Code Ann. § 12.001 (West Supp. 1994) (instruments concerning
property). The evidence shows that Johnson signed an original document that secured the $10,000
note with the property, that MacInnis gave Johnson a copy of the document, and that she lost the
copy during several moves. The evidence does not establish that this document was a deed of
trust or that Johnson was responsible for filing it. Neither party offered a deed of trust into
evidence.

 Based on our review of the record, we conclude that any error that may exist in the
exclusion of MacInnis's testimony and the failure to take judicial notice was harmless. See Tex.
R. App. P. 81(b)(1). MacInnis did not offer a copy or an original of a deed of trust into evidence;
therefore, Rule 1003 is inapplicable. Section 191.007 does not establish that a photocopy is the
equivalent of an original document but only sets out the requirements if one were to tender a
photocopy to a county clerk for filing. We overrule point of error five.

 In point of error six, MacInnis contends that he was denied due process in the State
Bar grievance committee proceedings because he was not allowed to testify before the committee. 
"`An elementary and fundamental requirement of due process in any proceeding which is to be
accorded finality is notice reasonably calculated, under the circumstances, to apprise interested
parties of the pendency of the action and afford them the opportunity to present their objections.'" 
Minnick v. State Bar of Tex., 790 S.W.2d 87, 90 (Tex. App.--Austin 1990, writ denied) (quoting
Peralta v. Heights Medical Ctr., Inc., 485 U.S. 80, 84 (1988) (emphasis added)).

 The State Bar grievance procedure allowed MacInnis to respond in writing to the
complaint against him and to request an investigatory hearing. State Bar Rules art. 10, §§ 10(C),
(E), 14(A). MacInnis asserts that, although he requested a hearing pursuant to the applicable
rules, he was not given an opportunity to appear before the committee. He raised his due process
complaint in his answer in district court and attempted to offer evidence in support of the
allegation.

 The only evidence offered regarding the grievance committee proceeding was a
statement of facts from a hearing to quash a subpoena served on a committee member. The trial
court admitted this exhibit for the limited purpose of a bill of exceptions. See Tex. R. App. P.
52(b). MacInnis does not claim that the exclusion of the evidence was error. In his brief,
MacInnis refers to his exhibits eleven through nineteen in support of his request for a hearing. 
The trial-court record does not show that these exhibits were offered or admitted into evidence. 
Consequently, there was no evidence regarding the grievance committee procedures to support
MacInnis's claim that the committee denied him a hearing.

 Furthermore, the right to due process attaches only in a proceeding that is
"accorded finality." Minnick, 790 S.W.2d at 90; Peralta, 485 U.S. at 84. The committee's
decision apparently is not final unless an attorney consents to it; the committee is not required to
prepare a judgment unless the committee believes that a respondent would accept the judgment. 
State Bar Rules art. X, § 14(B); Minnick, 790 S.W.2d at 90; Munson v. State, 576 S.W.2d 440,
440 (Tex. Civ. App.--Austin 1978, writ ref'd n.r.e.); see Wilson v. State, 582 S.W.2d 484, 486
(Tex. Civ. App.--Beaumont 1979, no writ) (committee may dismiss complaint or make final
determination with accused's consent). If the attorney does not accept the decision, the State Bar
must file suit in district court. State Bar Rule art. X, § 14(D); Munson, 576 S.W.2d at 440; see
Tex. Gov't Code Ann. §§ 81.077, .078 (West 1988). The district-court proceeding is a trial de
novo. State Bar Rules art. X, § 14 (D). Based on the record before this Court, we conclude that
MacInnis's due process rights were not violated in this instance and overrule point of error six. 
See Minnick, 790 S.W.2d at 90; Galindo v. State, 535 S.W.2d 923, 927 (Tex. Civ. App.--Corpus
Christi 1976, no writ).

 The judgment of the trial court is affirmed.


Before Justices Powers, Aboussie and Jones

Affirmed

Filed: August 31, 1994

Do Not Publish 
1. [1] DR 1-102. Misconduct


(A) A lawyer shall not:

. . .

(4) Engage in conduct involving dishonesty, fraud, deceit, or
misrepresentation.

. . .

(6) Engage in any other conduct that adversely reflects on his fitness to
practice law.



State Bar Rules, art. X, § 9, DR 1-102(A)(4), (6) (Code of Professional Responsibility), 34 Tex.
B.J. 757 (1971) (Art. XII, § 8 renumbered art. X, § 9 effective March 1, 1984) (repealed effective
January 1, 1990). MacInnis's conduct occurred before adoption of the Texas Rules of
Professional Conduct.
2. [2] To recover for fraud, one must prove: (1) that a material representation was made; (2) that
it was false; (3) that the speaker knew the representation was false when made or made it
recklessly without any knowledge of the truth and as a positive assertion; (4) that the speaker
intended that the other party act upon the representation; (5) that the other party acted in reliance
upon the representation; and (6) damage. T.O. Stanley Boot Co. v. Bank of El Paso, 847 S.W.2d
218, 222 (Tex. 1992).
3. [3] Texas Rule of Civil Evidence 1003, Admissibility of Duplicates, provides:



   A duplicate is admissible to the same extent as an original unless (1) a
question is raised as to the authenticity of the original or (2) in the
circumstances it would be unfair to admit the duplicate in lieu of the
original.



Texas Local Gov't Code Ann. § 191.007 (West Supp. 1994) provides, in pertinent part:



   (a)  A legal paper presented to a county clerk for filing or for recording
must meet the requirements prescribed by Subsections (b) through (g). . . .


   (f)  All photostats, photocopies, and other types of reproduction must
have black printing, typing, or handwriting on a white background,
commonly known as positive prints.